## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | |
|---|---|
| KATHRYN EMOND-PATENAUDE | : Civil Action No. |
| Plaintiff, | : |
| | : |
| v. | : |
| | : |
| NATIONWIDE MUTUAL INSURANCE | : |
| COMPANY, | : |
| | : |
| Defendants. | : |
| | : July 19, 2005 |

## NOTICE OF REMOVAL

**PLEASE TAKE NOTICE THAT,** pursuant to 28 U.S.C. §§ 1441 and 1446, Defendant

Nationwide Mutual Insurance Company, ("Nationwide"), hereby respectfully removes this

action from the Connecticut Superior Court, Judicial District of New Britain, to the United States

District Court for the District of Connecticut pursuant to this Notice of Removal.  In support of

this removal, Nationwide states the following:

1.     By the service of a Summons and Complaint on or about June 28, 2005, Plaintiff

Kathryn Emond-Patenaude commenced this action (the "Action") in the Superior Court for the

State of Connecticut, Judicial District of New Britain against Nationwide. Copies of all process,

pleadings and orders propounded in the Action are submitted as Exhibit A.

2.     Plaintiff's complaint in the Action (the "Complaint") reflects that Plaintiff is a

resident and citizen of the State of Connecticut, residing at 31 Cobblestone Drive, Plantsville,

Connecticut 06479.  Summons and Complaint, Count 1, ¶ 1.  At all relevant times, all of

Nationwide was and is now a corporate citizen of the State of Ohio with its principal places of

business located in Columbus, Ohio.  Summons and Complaint, Count 1, ¶ 2.  See also Affidavit of Deborah Samuels Freeman appended as Exhibit B at ¶ 3.

3.      28 U.S.C. § 1332 vests original jurisdiction in this Court over all civil actions between citizens of different states where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

4.      The Action is a civil action between citizens of different States, because Plaintiff's citizenship is in Connecticut and Nationwide's citizenship is in Ohio.

5.      The amount in controversy in the Action exceeds the sum of $75,000, exclusive of interest and costs.  This jurisdictional amount is met because Plaintiff avers in her Complaint that she participated in the "offer, sale and/or purchase of SIG stock" to her detriment (Complaint, Count 1, ¶¶ 45-47), lost her substantial annual income as an agent with Nationwide (Complaint, Count 2, ¶ 45), and suffered from a violation of the Connecticut Unfair Trade Practices Act such that she incurred substantial and certain economic loss (Complaint, Count 3, ¶ 46).

6.      Plaintiff claims that she is entitled to, and has sued for, the payment of certain benefits from Nationwide, plus costs, attorneys' fees and punitive damages which she values, pursuant to Conn. Gen. Stat. § 52-91, in excess of $15,000.  Complaint, Statement of Amount in Demand, Ex. A.

7.      Connecticut General Statute § 52-91.  Pleadings; contents of complaint states in relevant part:

> There shall be one form of civil action.  The first pleading on the part of the plaintiff shall be known as the complaint and shall contain a statement of the facts constituting the cause of action and, on a separate page of the complaint, a demand for the relief,

2

which shall be a statement of the remedy or remedies sought. When money damages are sought in the demand for relief, the demand for relief shall set forth: (1) That the amount, legal interest or property in demand is fifteen thousand dollars or more, exclusive of interest and costs; or (2) that the amount, legal interest or property in demand is two thousand five hundred dollars or more but is less than fifteen thousand dollars, exclusive of interest and costs; or (3) that the amount, legal interest or property in demand is less than two thousand five hundred dollars, exclusive of interest and costs.

Thus, Connecticut's form of pleading allows for the assertion of a claim in a complaint for an indeterminate amount of damages. Id.

8.      Federal courts have developed standards to determine the amount in controversy for diversity jurisdiction and test the propriety of a petition for removal when the Plaintiff's complaint does not allege an exact amount of damages or only claims an indeterminate amount as here. Id. See Wright, Miller & Cooper, Federal Practice and Procedure, Vol. 14B, § 3702, pp. 26-32; Moore's Federal Practice (3d Ed). Vol. 15, § 102.107[3], pp. 102-186.4-189. When the damages are indeterminate, many Circuits hold that a removing defendant need only establish that the amount in controversy jurisdictional requirement has been met by a preponderance of the evidence. See St. Paul Co. v. Greenberg, 134 F.3d 1250 (5th Cir. 1998); Singer v. State Farm Mut. Automobile Ins. Co., 116 F.3d 373 (9th Cir. 1997); Tapscott v. MS Dealer Serv. Corp., 77 F.3d 1353 (11th Cir. 1996). A number of other Circuits have adopted an even more liberal standard, holding the jurisdictional amount need only be established by a "reasonable probability." See Gilman v. BHC Securities, Inc., 104 F.3d 1418 (2d Cir. 1996); Chase v. Shop 'N Save Warehouse Foods, Inc., 110 F.3d 424 (7th Cir. 1997); Angus v. Shirley, Inc., 989 F.2d 142 (3rd Cir. 1993).

3

9.      Here, where Ms. Patenaude states only "that the amount legal interest or property in demand is fifteen thousand dollars or more, exclusive of interest and costs" (Complaint, Statement of Amount In Demand), Nationwide may prove that the jurisdictional amount in controversy of $75,000 is met.

10.     The standard applied to establish that the $75,000 amount in controversy is met when the plaintiff's complaint alleges an indeterminate amount of damages is not the customary jurisdictional legal-certainty standard, but instead is the more liberal preponderance of the evidence standard.  See De Aguilar v. Boeing Co., 47 F.3d 1404, 1409 (5th Cir.), cert. denied, 516 U.S. 865, 116 S.Ct. 180 ("[T]he legal certainty test does not apply in a remand situation where the plaintiff has alleged an indeterminate amount of damages."  In this situation, removal is proper if the defendant demonstrates by a preponderance of the evidence that the value of the plaintiff's claim exceeds the jurisdictional requirement, unless the plaintiff could then show to a legal certainty that the value of her claim is actually below the jurisdictional requirement); Lawson v. Tyco Electronics Corp., 286 F. Supp. 2d 639 (M.D.N.C. 2003) (applying preponderance of evidence standard and determining the amount in controversy by considering evidence outside the plaintiff's complaint where, viewed from the perspective of the complaint, the amount in controversy was indeterminate).  In fact, the Second Circuit adheres to a more relaxed standard, only requiring a removing defendant to prove that there is a "reasonable probability" that the plaintiff's indeterminate amount of damages meet the jurisdictional amount. See Gilman v. BHC Securities, Inc., 104 F.3d 1418 (2d Cir. 1997) (invoking "reasonable probability" standard for jurisdictional amount).

11.     The best proof of the value of Ms. Patenaude's claims in the Action is the fact that Ms. Patenaude herself has raised other claims involving the same transactions purportedly at issue here.  See <u>Kathryn Emond-Patenaude v. Stamford Insurance Group, Inc., Brian E. Rogers and John P. Cody</u>, Docket No. HHB-CV-04-4000828-S, Superior Court Judicial District of New Britain at New Britain.  A copy of the Docket Sheet, Case Detail, is attached as Exhibit C.

12.     In a state court action filed on or about August 17, 2004 (the "State Court Action"), Ms. Patenaude claims that she lost an "annual income of approximately $100,000" as a Nationwide Agent due to the transactions involved.  The current complaint in the State Court Action is appended as Exhibit D.  See Ex. D, ¶ 12.

13.     Ms. Patenaude also claims that she paid out and lost her Extended Earnings insurance agent for Nationwide in the amount of at least $85, 878.13 due to these transactions.  See Ex. D, ¶¶ 36-42.

14.     Nationwide provides its agents with records (the "Agent Composite Record") to detail, in part, the agent's earnings from commission in each year of a five year period.  See Agent Composite Record for Ms. Kathryn M. Emond 1995-1999, Ex. E.

15.     The Agent Composite Record provides, after each year ends, the total year's commission received by the agent.

16.     In 1995, Ms. Emond (who at some point became Ms. Emond-Patenaude) received $43,876 in commission, in 1996 - $69,567, in 1997 - $95,519, in 1998 - $127,021, and in 1999 - $139,973.  <u>Id</u>.

5

17.     All of the sums detailed in paragraph 13 and the commissions paid to Ms. Patenaude as Nationwide's agent described for 1998 and 1999 in paragraph 14, which Ms. Patenaude claims in the Action, exceed the $75,000 jurisdictional amount threshold.

18.     An affidavit of counsel undersigned is attached hereto attesting to the accuracy of the Docket Sheet and Complaint in the State Court Action.  See Ex. B.

19.     This Notice of Removal is signed by counsel acting in accordance with the requirements of Rule 11 of the Federal Rules of Civil Procedure.

20.     Along with this Notice, Nationwide has served a Notice upon the Superior Court of its Filing of a Notice of Removal upon Ms. Patenaude, through her counsel, and upon the Clerk of Connecticut Superior Court, Judicial District of New Britain at New Britain, a copy of which is attached hereto as Exhibit D.  A Notice of No Pending Motions is filed contemporaneously with this Notice and has been also served upon Ms. Patenaude through her counsel.

WHEREFORE, Nationwide respectfully removes the Action pending in the Connecticut Superior Court, Judicial District of New Britain at New Britain, to this Honorable Court.

DEFENDANT
NATIONWIDE MUTUAL INSURANCE
COMPANY


*Deborah S. Freeman*

Deborah S. Freeman [ct 05257]
Bingham McCutchen LLP
One State Street
Hartford, CT 06103-3178
Phone:  (860) 240-2700
Fax:  (860) 240-2818
Email:  deborah.freeman@bingham.com

6

## CERTIFICATE OF SERVICE

I hereby certify that on July 19, 2005, a copy of the foregoing with its exhibits was sent by first-class mail, postage pre-paid, to all counsel of record:

> Thomas P. Willcutts, Esq.
> Willcutts Law Group, LLC
> Capitol Place
> 21 Oak Street
> Suite 602
> Hartford, CT 06106
> Telephone: (860) 524-6800

*Deborah S. Freeman*
_____
Deborah S. Freeman

7

# EXHIBIT A

# UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

|  |  |
|---|---|
| | Civil Action No. |
| KATHRYN EMOND-PATENAUDE | |
| Plaintiff, | |
| v. | |
| NATIONWIDE MUTUAL INSURANCE COMPANY, | |
| Defendants. | |
| | July 19, 2005 |

## <u>NOTICE OF NO PENDING MOTIONS</u>

Defendant Nationwide Mutual Insurance Company hereby respectfully gives notice that

there are no motions pending before the state court at the time of this filing of its Notice of

Removal of even date herewith.

DEFENDANT
NATIONWIDE MUTUAL INSURANCE
COMPANY


Deborah S. Freeman [ct 05257]
Bingham McCutchen LLP
One State Street
Hartford, CT 06103-3178
Phone:  (860) 240-2700
Fax:  (860) 240-2818
Email:  deborah.freeman@bingham.com

## CERTIFICATE OF SERVICE

I hereby certify that on July 19, 2005, a copy of the foregoing with its exhibits was sent by

first-class mail, postage pre-paid, to all counsel of record:

> Thomas P. Willcutts, Esq.
> Willcutts Law Group, LLC
> Capitol Place
> 21 Oak Street
> Suite 602
> Hartford, CT 06106
> Telephone:  (860) 524-6800

_____

Deborah S. Freeman

2

JAN 12 1996 06:31 FR                    TO #918602402800      P.03/15

## State of Connecticut
# OFFICE OF INSURANCE COMMISSIONER

P.O. BOX 816
HARTFORD, CT 06142-0816

This is to certify that the foregoing is a copy of a process served upon me, a person in the office of the Insurance Commissioner of Connecticut, designated by him, pursuant to the statute in such cases made and provided, as one upon whom, in his absence, service of process may be made, upon an insurance company, corporation or association, with the same force and effect as though made on such commissioner personally.

<u>June 23, 2005</u>        at              <u>3:10  p.m.</u>        *Susan F. Cogswell*

*Insurance Commissioner*



## State of Connecticut
# OFFICE OF INSURANCE COMMISSIONER

P.O. BOX 816
HARTFORD, CT 06142-0816

NATIONWIDE MUTUAL INS CO
CT CORPORATION SYSTEM
ONE COMMERCIAL PLZ          ..........................Secretary,
HARTFORD  CT 06103

....................

.............................................................................

**Pursuant to the statute in such cases made and provided, I forward herewith a copy of the process served as set forth in the certificate thereto attached.**

Respectfully yours,

*Susan F. Cogswell*

*Insurance Commissioner*

Form 1

JAN 12 1996 06:31 FR                          TO #918602402800      P.04/15

7003 1010 0004 4834 9587

| SUMMONS - CIVIL<br>(Except Family Actions)<br>JD-CV-1 Rev. 1-2000<br>C.G.S. § 51-346, 51-347, 51-349, 51-350, 52-45a,<br>52-48, 52-259, P.B. Secs 3-1 thru 3-21, 8-1 | STATE OF CONNECTICUT<br>SUPERIOR COURT<br>www.jud.state.ct.us | "X" ONE OF THE FOLLOWING:<br>Amount, legal interest or property in<br>demand, exclusive of interest and<br>costs is: |
|---|---|---|

6-13-05
310 pm
pmg

**INSTRUCTIONS**
1. Typo or print legibly; sign original summons and conform all copies of the summons.
2. Prepare or photocopy conformed summons for each defendant.
3. Attach the original summons to the original complaint, and attach a copy of the summons to each copy of the complaint. Also, if there are more than 2 plaintiffs or 4 defendants prepare form JD-CV-2 and attach it to the original and all copies of the complaint.
4. After service has been made by a proper officer, file original papers and officer's return with the clerk of court.
5. The party recognized to pay costs must appear personally before the authority taking the recognizance.
6. Do not use this form for actions in which an attachment, garnishment or replevy is being sought. See Practice Book Section 8-1 for other exceptions.

|   |   |
|---|---|
| ☐ less than $2,500 |  |
| ☐ $2,500 through $14,999.99 |  |
| ☒ $15,000 or more |  |
| ("X" if applicable)<br>☐ Claiming other relief in<br>addition to or in lieu of money<br>or damages. |  |

**TO:** Any proper officer; BY AUTHORITY OF THE STATE OF CONNECTICUT, you are hereby commanded to make due and legal service of this Summons and attached Complaint.

| | |
|---|---|
| RETURN DATE (Mo., day, yr.)<br>(Must be a Tuesday)  7/26/05 | |

| ☒ JUDICIAL DISTRICT | AT (Town in which writ is returnable) (C.G.S. 51-346, 51-349) | CASE TYPE (See JD-CV-1c) |
|---|---|---|
| ☐ HOUSING SESSION   ☐ G.A. NO. | New Britain | Major **T**   Minor **90** |

| ADDRESS OF COURT CLERK WHERE WRIT AND OTHER PAPERS SHALL BE FILED (No., street, town and zip code) (C.G.S. 51-346, 51-350) | TELEPHONE NO. (with area code) |
|---|---|
| 20 Franklin Square, New Britain, CT 06051 | (860) 515-5180 |

| PARTIES | NAME AND ADDRESS OF EACH PARTY<br>(No., street, town and zip code) | NOTE: Individuals' Names:<br>Last, First, Middle Initial | | PTY<br>NO. |
|---|---|---|---|---|
| FIRST NAMED<br>PLAINTIFF | Kathryn Emond-Patenaude | 31 Cobblestone Drive, Plantsville, CT 06479 | | 01 |
| Additional<br>Plaintiff | | | | 02 |
| FIRST NAMED<br>DEFENDANT | Nationwide Mutual Insurance<br>Company | C/o Agent for Service: Connecticut Insurance<br>Commissioner, 153 Market Street, Hartford, CT 06103 | ☐ Form JD-CV-2 attached | 50 |
| Additional<br>Defendant | | | | 51 |
| Additional<br>Defendant | | | | 52 |
| Additional<br>Defendant | | | | 53 |

**NOTICE TO EACH DEFENDANT**

1. YOU ARE BEING SUED.
2. This paper is a Summons in a lawsuit.
3. The Complaint attached to these papers states the claims that each Plaintiff is making against you in this lawsuit.
4. To respond to this Summons, or to be informed of further proceedings, you or your attorney must file a form called an "Appearance" with the Clerk of the above-named Court at the above Court address on or before the second day after the above Return Date.
5. If you or your attorney do not file a written "Appearance" form on time, a judgment may be entered against you by default.

6. The "Appearance" form may be obtained at the above Court address.
7. If you believe that you have insurance that may cover the claim that is being made against you in this lawsuit, you should immediately take the Summons and Complaint to your insurance representative.
8. If you have questions about the Summons and Complaint, you should consult an attorney promptly. The Clerk of Court is not permitted to give advice on legal questions.

| DATE<br>6/22/05 | SIGNED (Sign and "X" proper box) | ☒ Comm. of Superior Court<br>☐ Assistant Clerk | TYPE IN NAME OF PERSON SIGNING AT LEFT<br>Thomas P. Willcutts |
|---|---|---|---|

**FOR THE PLAINTIFF(S) PLEASE ENTER THE APPEARANCE OF:**

| NAME AND ADDRESS OF ATTORNEY, LAW FIRM OR PLAINTIFF IF PRO SE (No., street, town and zip code)<br>Willcutts Law Group, LLC, 21 Oak St., Ste. 602, Hartford, CT 06106 | TELEPHONE NUMBER<br>(860) 524-6800 | JURIS NO. (If atty. or law firm)<br>412755 |
|---|---|---|

| NAME AND ADDRESS OF PERSON RECOGNIZED TO PROSECUTE IN THE AMOUNT OF $250 (No., street, town and zip code)<br>Kathleen M. Zitani 21 Oak St., Ste. 602, Hartford, CT 06106 | SIGNATURE OF PLAINTIFF IF PRO SE |
|---|---|

| # PLFS.<br>1 | # DEFS.<br>1 | # CNTS.<br>3 | SIGNED (Official taking recognizance) "X" proper box) | ☒ Comm. of Superior Court<br>☐ Assistant Clerk | For Court Use Only<br>FILE DATE |
|---|---|---|---|---|---|

**IF THIS SUMMONS IS SIGNED BY A CLERK:**
a. The signing has been done so that the Plaintiff(s) will not be denied access to the courts.
b. It is the responsibility of the Plaintiff(s) to see that service is made in the manner provided by law.
c. The Clerk is not permitted to give any legal advice in connection with any lawsuit.
d. The Clerk signing this Summons at the request of the Plaintiff(s) is not responsible in any way for any errors or omissions in the Summons, any allegations contained in the Complaint, or the service thereof.

ATTEST:
A TRUE COPY

ROLAND MAILLOUX
CONNECTICUT MARSHAL
HARTFORD COUNTY

| I hereby certify I have read<br>and understand the above: | SIGNED (Pro Se Plaintiff) | DATE SIGNED | DOCKET NO. |
|---|---|---|---|

**RETURN DATE: JULY 26, 2005**

KATHRYN EMOND-PATENAUDE          :          SUPERIOR COURT

                                                          JUDICIAL DISTRICT OF
v.                                                        NEW BRITAIN
                                             :          AT NEW BRITAIN

NATIONWIDE MUTUAL INSURANCE
COMPANY                                     :          June 22, 2005

## COMPLAINT

**FIRST COUNT:**      (Violation of Connecticut Uniform Securities Act)

   1.      Plaintiff Kathryn Emond-Patenaude is an individual residing in Plantsville, Connecticut.

   2.      At all times relevant hereto, Defendant Nationwide Mutual Insurance Company ("Nationwide") was and is an insurance company licensed to sell insurance products under the laws of the State of Connecticut with numerous offices located in Connecticut.

   3.      At all times relevant hereto, Stamford Insurance Group, Inc. ("SIG") was and is a closely-held corporation organized and existing under the laws of the State of Connecticut with a principal place of business located at 22 Knapp Street, Stamford, Connecticut.

   4.      SIG is in the business of selling insurance and financial products in the State of Connecticut, and is associated with and sells insurance products offered by Nationwide.

   5.      Brian E. Rogers is an individual with a resident address in Stamford, Connecticut.

   6.      John P. Cody is an individual with a resident address in Patterson, New York.

1

JAN 12 1996 06:32 FR                                    TO #918602402800      P.06/15

7.       Since 1988 Plaintiff has been an insurance agent licensed by the State of Connecticut.

8.       In 1995 Plaintiff entered into a community agent contract (the "Nationwide Contract") with Nationwide under which Nationwide employed Plaintiff as an insurance agent to operate and develop its Nationwide Insurance Agency in Cheshire, Connecticut.

9.       Pursuant to the terms of the Nationwide Contract, from 1995 until 2000 Plaintiff as an employee of Nationwide operated and developed the Nationwide Insurance Agency in Cheshire, Connecticut known as the Nationwide Cheshire Community Insurance Agency ("NCCIA").

10.      On or about June 1, 2000, pursuant to the terms of the Nationwide Contract, the Plaintiff became the owner of NCCIA  and was designated as a registered agent with Nationwide.

11.      In carrying out the terms of the Nationwide Contract, on or about March 27, 2000, the Plaintiff organized and formed The KEP Agency, LLC, ("KEP Agency") a limited liability company organized and existing under the law of the State of Connecticut, of which she was the sole member and under which she managed and operated NCCIA.

12.      On or about June 1, 2000, NCCIA became known as The KEP Agency, LLC.

13.      Between 1995 and December 31, 2002 the Plaintiff managed and operated the NCCIA (later known as The KEP Agency) and increased its business through the sale of insurance products and financial products so that the KEP Agency provided the Plaintiff with a substantial annual income and an equity interest in the Nationwide book of business known as her Extended Earnings.

2

14.     On or about November 2001, Rogers and Cody as owners of SIG approached the Plaintiff regarding the possibility of merging the KEP Agency with SIG.

15.     On November 27, 2002, the parties entered into an "Asset Purchase Agreement" whereby the Plaintiff agreed to sell The KEP Agency to SIG in exchange for part ownership of SIG, the assumption by SIG of certain liabilities of the KEP Agency; employment of Plaintiff as Vice President of SIG and appointment of Plaintiff to the SIG Board of Directors.

16.     On December 31, 2002 the parties executed certain documents, among them an Assignment and Assumption Agreement, Bill of Sale, and Stockholder Agreement thereby closing on the Asset Purchase Agreement.

17.     Subsequent to the merger of the KEP Agency assets into SIG pursuant to the Asset Purchase Agreement, the Plaintiff dissolved the KEP Agency.

18.     On December 31, 2002, in carrying out the terms of the Asset Purchase Agreement, SIG issued shares of SIG Common Stock to the Plaintiff representing 14% of the equity in SIG.

19.     Immediately after the merger of the KEP Agency with SIG, Rogers was named President and Treasurer; Cody was named Vice President and Secretary, and Plaintiff was named Vice President of SIG.

20.     On or about December 31, 2002, in furtherance of carrying out the terms of the Asset Purchase Agreement, and in accordance with Nationwide's corporate policies and practices, Plaintiff submitted her "principal agent" resignation to Nationwide and assumed the status of "associate agent" with Nationwide under the authority of Rogers as the registered agent with Nationwide.

3

21.     On January 1, 2003, in carrying out the terms of the Asset Purchase Agreement all of the KEP Agency employees were hired as SIG employees.

22.     On or about November 2003, in furtherance of the Asset Purchase Agreement the Plaintiff and SIG signed an Executive Employment Agreement ("Employment Agreement") with a retroactive effective date of January 1, 2003 whereby the Plaintiff was employed as Vice President of SIG at an annual salary plus benefits.

23.     At all times relevant hereto, and pursuant to the terms of the Asset Purchase Agreement and the Employment Agreement, Plaintiff was employed and worked full-time as Vice President of SIG in performance of her duties to SIG.

24.     Pursuant to the terms of the Employment Agreement, Plaintiff was to be employed for an initial term of three years, automatically extended for successive terms of three years for as long as Plaintiff was a stockholder of SIG.

25.     On June 22, 2004, at the SIG Board of Director's meeting held in Stamford, Connecticut, Rogers moved for the immediate termination of Plaintiff's employment with SIG and Cody seconded the motion.

26.     Immediately after the seconding of the motion to terminate, Rogers and Cody voted in the affirmative and the Plaintiff voted in the negative, and Rogers indicated that the motion carried.

27.     On June 22, 2004, Rogers issued an e-mail to all SIG employees stating that Plaintiff's employment had been terminated.

28.     On June 23, 2004, Rogers and Cody arrived at the SIG office in Cheshire, Connecticut where Plaintiff worked and proceeded to do the following:

(a)     They met individually with all SIG employees working in the office and

4

notified them of Plaintiff's termination;

(b)    They changed the locks to the SIG Cheshire office;

(c)    They met with Steve Miles, Nationwide District Manager, at the SIG
        Cheshire office and advised the employees working there that Miles was
        there to show Nationwide's support for the termination of Plaintiff;

(d)    They had a lunch party with Miles and office staff;

(e)    They blocked Plaintiff's access to the SIG and Nationwide computer
        systems;

(f)    They cancelled Plaintiff's SIG credit cards; and

(g)    They instructed SIG employees in the Cheshire office to notify Plaintiff's
        customers and clients that she no longer worked at SIG.

29.    On June 30, 2004, Plaintiff received a letter from Rogers confirming her
termination and directing that Plaintiff "no longer come to work at the office".

30.    The termination letter stated that Plaintiff was terminated "without cause".

31.    The Plaintiff has duly performed all the terms and conditions of the various
agreements as described.

32.    SIG has materially breached its obligations under the terms and conditions of
the various agreements in that SIG wrongfully discharged the Plaintiff as an employee.

33.    The acts of SIG by its directors, officers and majority shareholders Rogers and
Cody were malicious, vindictive, willful, wanton, premeditated, oppressive and/or
retaliatory and were intended to punish Plaintiff.

34.    As a result of the Plaintiff's termination by SIG, the Plaintiff has suffered and
will continue to suffer a loss of the economic benefit of her bargain under the relevant
agreements, including the loss of the KEP Agency; the economic loss in the form of loss

5

wages, income and benefits, and losses due to damage to her professional reputation. These losses are ongoing.

35.    As a result of the Plaintiff's termination by SIG, the Plaintiff has incurred and will continue to incur substantial legal fees and costs.

36.    As part of its business of insurance, Nationwide creates, authorizes, manages and operates Nationwide insurance agencies such as the KEP Agency and the SIG agency. Also as part of its business of insurance, Nationwide assists, authorizes and approves in the merger and dissolution of Nationwide insurance agencies. Also as part of its business of insurance, Nationwide authorizes persons to act as an "agent" for the company.

37.    Certain Nationwide employees, agents and/or managers, namely Steve Miles, James Shortly and Brian McCullock, ("Nationwide Representatives") made representations and took actions that were critical to both the merger of the KEP Agency with SIG and the subsequent termination of the Plaintiff by SIG and Nationwide.

38.    At all relevant times, these Nationwide Representatives were acting in their official capacities as employees, agents and/or managers for Nationwide in conducting Nationwide's business of insurance.

39.    These Nationwide Representatives encouraged the Plaintiff to merge the KEP Agency with SIG and took actions to assist and facilitate the merger. In so doing, these Nationwide Representatives made materially misleading statements and failed to disclose material information to Plaintiff, including inter alia that the Plaintiff's status as an agent with Nationwide would not be endangered or otherwise placed at risk by agreeing to a merger between the KEP Agency and SIG.

6

40.     The Nationwide Representatives knew or should have known that the Plaintiff would rely on the statements they made or the information they should have disclosed to Plaintiff in her decision to merge the KEP Agency with SIG.

41.     By making these materially misleading statements and by failing to disclose material information to the Plaintiff, the Nationwide Representatives persuaded the Plaintiff to merge her KEP Agency with SIG and to relinquish her "principal agent" status with Nationwide in order to accept a lesser "associate agent" status with SIG.

42.     The Plaintiff would not have consummated the merger of her KEP Agency with SIG or the relinquishment of her "principal agent" license but for the involvement of the Nationwide Representatives, and these representatives knew or should have known that the Plaintiff would rely on their statements and material omissions.

43.     At the time Plaintiff was terminated by SIG as described above, the Nationwide Representatives actively participated, assisted and facilitated both the planning of her termination and the actions by which the termination was conducted.

44.     The issuance of stock in SIG to the Plaintiff under the Asset Purchase Agreement as described above constitutes the offer, sale and/or purchase of a security as defined under the Connecticut Uniform Securities Act, Conn. Gen. Stats. §§ 36b-1 to 33, inclusive.

45.     The Nationwide Representatives materially assisted with the offer, sale and/or purchase of a security as defined under the Connecticut Uniform Securities Act.

46.     The materially misleading statements and omissions to state material facts to the Plaintiff by the Nationwide Representatives as described above were made as part of the

7

offer, sale and/or purchase of SIG stock to or by the Plaintiff.

47.    The actions of the Nationwide Representatives as described above constitute:

(a)    A device, scheme or artifice to defraud the Plaintiff;

(b)    Acts, practices and a course of business which operated as a fraud or deceit upon the Plaintiff; and

(c)    A dishonest or unethical practice in connection with the offer, sale or purchase of a security.

46.    The Plaintiff has suffered damages and is entitled to the relief as allowed under the Connecticut Uniform Securities Act, and in particular Conn. Gen. Stat. §§ 36b-29.


**SECOND COUNT:** (Promissory Estoppel)

1- 43.  Paragraphs 1 through 43 of the First Count are hereby re-alleged and reincorporated as Paragraphs 1 through 43 of the Second Count as if fully set forth herein.

44.    The Nationwide Representatives knew or should have known that the Plaintiff would rely on the statements they made or the information they should have disclosed to Plaintiff in her decision to merge the KEP Agency with SIG and that these statements and omissions would induce and in fact did induce the Plaintiff to agree to the merger to her detriment.

45.    The statements and omissions by the Nationwide Representatives constituted an express and implied promise to maintain Plaintiff's status as an agent with Nationwide and with SIG.

43.    The Plaintiff claims damages as a result of her termination as an agent by

8

Nationwide and SIG.

**THIRD COUNT**:     (Violation of Connecticut Unfair Trade Practices Act)

     1-43.   Paragraphs 1 through 43 of the First Count are hereby re-alleged and reincorporated as paragraphs 1 through 43 of the Third Count as if fully set forth herein.

     44.     At all times mentioned herein, Nationwide was engaged in the conduct of trade or commerce as defined in §42-110a of the Connecticut General Statutes.

     45.     The acts, omissions and conduct of Nationwide as set forth above were and are unfair and deceptive acts and practices in the conduct of trade or commerce in violation of §42-110b of the Connecticut General Statutes.

     46.     The Plaintiff has suffered and continues to suffer substantial and ascertainable economic loss as a result of Nationwide's deceptive and unfair acts and practices in the conduct of trade or commerce.

     47.     The Plaintiff is entitled to the relief provided in §42-110g of the Connecticut General Statutes.

9

WHEREFORE, the plaintiff claims:

    a.    Monetary damages;

    b.    Interest;

    c.    Costs of litigation;

    d.    Attorneys' fees;

    e.    Punitive damages;

    f.    Damages pursuant to C.G.S. §42-110g, including pre-judgment interest, costs of suit, attorneys' fees and punitive damages;

    g.    Damages and other relief pursuant to C.G.S. §36b-29, including interest, attorneys' fees and legal costs;

    h.    Such other legal and/or equitable relief as this Court deems just and proper.

PLAINTIFF
KATHRYN EMOND-PATENAUDE.

By                           

Thomas P. Willcutts
Willcutts Law Group



ATTEST:
A TRUE COPY

ROLAND MAILLOUX
CONNECTICUT MARSHAL
HARTFORD COUNTY

10

**RETURN DATE: JULY 26, 2005**

| | | |
|---|---|---|
| KATHRYN EMOND-PATENAUDE | : | SUPERIOR COURT |
| | : | JUDICIAL DISTRICT OF NEW BRITAIN |
| v. | : | |
| | : | AT NEW BRITAIN |
| NATIONWIDE MUTUAL INSURANCE COMPANY | : | June 22, 2005 |

## STATEMENT OF AMOUNT IN DEMAND

Pursuant to Conn. Gen. Stat. §52-91, Plaintiff states that the amount, legal interest or property in demand is fifteen thousand dollars or more, exclusive of interest and costs.

By _____
Thomas P. Willcutts
Willcutts Law Group

A TRUE COPY
ATTEST

ROLAND MAILLOUX
CONNECTICUT MARSHAL
HARTFORD COUNTY

11

# EXHIBIT B

## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

|  |  |
|---|---|
| ─────────────────────── : | Civil Action No. |
| KATHRYN EMOND-PATENAUDE : | |
|        Plaintiff, : | |
| : | |
| v. : | |
| : | |
| NATIONWIDE MUTUAL INSURANCE : | |
| COMPANY, : | |
| : | |
|       Defendants. : | |
| ─────────────────────── : | July 19, 2005 |

## AFFIDAVIT

I, Deborah Samuels Freeman, being duly sworn upon my oath do hereby depose and state the following:

1.     I am over the age of 18 and I understand the meaning of an oath.

2.     I am counsel for Nationwide Mutual Insurance Company in the above-captioned matter.

3.     Nationwide Mutual Insurance Company ("Nationwide") is an Ohio corporation with its principal place of business located in Columbus, Ohio.

4.     As counsel, I requested my paralegal, Teri Curran, to pull the Docket Sheet, Case Detail, of any litigation in Connecticut involving Ms. Emond-Patenaude as a party.

5.     Ms. Curran retrieved the Docket Sheet, Case Detail, for Kathryn Emond-Patenaude v. Stamford Insurance Group, Inc., et al. which is attached to the Notice of Removal as Exhibit B.

6.     Ms. Curran also obtained a certified copy of Ms. Patenaude's current complaint in that state court action.  A certified copy of that complaint is attached as Exhibit C.

7.     I have worked with Nationwide since 1985 on matters concerning Nationwide's relations with its agents.

8.     One of the documents Nationwide regularly provides to its agent is called an Agent Composite Record.

9.     Exhibit D is an Agent Composite Record for Kathryn Emond (Ms. Patenaude).

10.    Exhibit D details Ms. Patenaude's earnings from commission as a Nationwide agent from 1995-1999.

11.    I make this affidavit from the personal knowledge detailed above.

*Deborah Samuels Freeman*

Deborah Samuels Freeman

COUNTY OF HARTFORD:
                           SS.   Hartford, CT
STATE OF COUNNECTICUT


Sworn to and subscribed before me this 19th day of July, 2005.


*Patricia K. Maddocks*

Notary Public
Patricia K. Maddocks
My Commission Expires:  07-31-2006

2

# EXHIBIT C

State of Connecticut

# Judicial Branch



Civil Inquiry Home    Prev Page    Site Help    Comments Page    Calendar Notic    Case Look-up

Screen Section Help:  Detail  Party  Motions

# Case Detail

**Data Updated as of: 7/18/2005**

| Plaintiff Name | VS | Defendant Name |
|---|---|---|
| EDMOND-PATENAUDE,K. | v. | STAMFORD INSURANCE  ET AL |

| | |
|---|---|
| **Docket Number:** HHB-CV-04-4000828-S | **Court Location:** New Britain |
| **File Date:** Aug 17 2004 | **Return Date:** Aug 24 2004 |
| **\* Last Action Date:** Jul 07 2005 | **ADR Status:** Not Applicable |
| **Case Type:** CONTRACTS - ALL OTHER | |

| | |
|---|---|
| **List Type:** . | |
| **Disposition Date:** | |
| **Judge/Magistrate:** | **Trial List Claim:** |
| **Disposition:** | |

\* 'Last Action Date' is a data entry date, not actual date

## Parties / Attorneys

| Party Name & Address | Pty No. | Pltf / Def | Pro Se | Non Appear | No Fee Party |
|---|---|---|---|---|---|
| KATHRYN EDMOND-PATENAUDE | 01 | P | . | . | . |

**Attorney:** WILLCUTTS LAW GROUP LLC (Juris No. 412755)

    21 OAK STREET/SUITE 602
    HARTFORD, CT 06106

| Party Name & Address | Pty No. | Pltf / Def | Pro Se | Non Appear | No Fee Party |
|---|---|---|---|---|---|
| STAMFORD INSURANCE GROUP INC. | 50 | D | . | . | . |

**Attorney:** RUCCI BURNHAM CARTA CARELLO & REILL (Juris No. 052220)

    30 OLD KINGS HIGHWAY
    PO BOX 1107
    DARIEN, CT 06820

| Party Name & Address | Pty No. | Pltf / Def | Pro Se | Non Appear | No Fee Party |
|---|---|---|---|---|---|
| BRIAN E. ROGERS | 51 | D | . | . | . |

**Attorney:** RUCCI BURNHAM CARTA CARELLO & REILL (Juris No. 052220)

    30 OLD KINGS HIGHWAY
    PO BOX 1107
    DARIEN, CT 06820

| Party Name & Address | Pty No. | Pltf / Def | Pro Se | Non Appear | No Fee Party |
|---|---|---|---|---|---|
| JOHN P. CODY | 52 | D | . | . | . |

**Attorney:** RUCCI BURNHAM CARTA CARELLO & REILL (Juris No. 052220)

    30 OLD KINGS HIGHWAY
    PO BOX 1107
    DARIEN, CT 06820

## Motions / Pleadings / Objections

| Entry No | Entry Date | Description | Initiated By | Argu able | Result | Result Date | Ordered By |
|---|---|---|---|---|---|---|---|
| 101.00 | Sep 01 2004 | MOT FOR DFLT-APPEARANCE | P | No | Denied | Sep 16 2004 | BY THE CLERK |
| 102.00 | Sep 23 2004 | MOTION TO STRIKE | D | Yes | Granted | Feb 10 2005 | Hon. RICHARD ROBINSON |
| 103.00 | Sep 23 2004 | MOTION FOR STAY | D | No | Granted | Feb 10 2005 | Hon. RICHARD ROBINSON |
| 104.00 | Oct 22 2004 | OPPOSING MEMORANDUM | P | No | | | |
| 105.00 | Oct 22 2004 | OPPOSING MEMORANDUM | P | No | | | |
| 106.00 | Oct 25 2004 | REPLY | D | No | | | |
| 107.00 | Oct 25 2004 | REPLY | D | No | | | |
| 108.00 | Jan 03 2005 | MOTION FOR STAY | D | No | | | |
| 109.00 | Jan 03 2005 | REQ EXTND DISCOVERY TIME | D | No | | | |
| 110.00 | Jan 14 2005 | OPPOSING MEMORANDUM | P | No | | | |
| 111.00 | Jan 19 2005 | REPLY | D | No | | | |
| 112.00 | Feb 10 2005 | MEMORANDUM OF DECISION | Court | No | | | |
| 113.00 | Mar 01 2005 | REQ TO AMEND COMPLAINT | P | No | | | |
| 114.00 | Mar 23 2005 | OBJ TO INTERROGATORIES | D | No | | | |
| 115.00 | May 31 2005 | REQUEST TO REVISE | D | No | | | |
| 116.00 | Jul 05 2005 | ANSWER TO AMENDED CMPLNT | D | No | | | |

Periodic changes to terminology may be made which do not affect the status of the case.

Attorneys | Case Look-up | Courts | Directories | Educational Resources | E-Services | FAQ's | Juror Information | News & Updates | Opinions | Opportunities | Self-Help | Home

Common Legal Terms | Contact Us | Site Map

Copyright © 2005, State of Connecticut Judicial Branch